**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **RONDA KRAKOWSKI**, | : | |
| Plaintiff, | : | |
| v. | : | Civ. Action No.: 16-2880-BRM |
| **COMMISSIONER OF SOCIAL SECURITY**, | : | MEMORANDUM OPINION |
| Defendant. | : | |

Before this Court is the appeal by Plaintiff Ronda Krakowski ("Plaintiff") of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff disability benefits under Title II of the Social Security Act. Because Plaintiff has failed to timely file a statement or brief in support of her appeal, as required by L.Civ.R. 9.1(e)(1), on March 7, 2017, this Court *sua sponte* ordered Plaintiff to show cause by March 21, 2017 why her Complaint against the Commissioner should not be dismissed for failure to prosecute. (ECF No. 10.) To date, Plaintiff has not filed a statement or brief in support of her appeal or otherwise responded to the Court's March 7, 2017 Order to Show Cause. Accordingly, for the reasons set forth below, this case is **DISMISSED WIHTOUT PREJUDICE** for failure to prosecute.

On May 22, 2016, Plaintiff filed a Complaint with this Court appealing the final decision of the Commissioner denying Plaintiff disability benefits under Title II of the Social Security Act. (ECF No. 1.) On August 9, 2016, this case was reassigned to the undersigned. (ECF No. 3.) On December 13, 2016, the Commissioner filed the administrative record, which, under L.Civ.R. 9.1(c), constitutes the Commissioner's answer. (ECF No. 7.)

1

Pursuant to L.Civ.R. 9.1(d), within 14 days of the filing of the defendant's answer, a plaintiff in a social security matter must file a statement setting forth the plaintiff's primary contentions or arguments as to why the plaintiff believes that he or she is entitled to relief. Additionally, pursuant to L.Civ.R. 9.1(e)(1), within 75 days of receipt of the answer, the plaintiff must file a brief in support of his or her claims. Because the administrative record in this matter was filed on December 13, 2016, Plaintiff's statement was due December 27, 2016 and her brief was due February 27, 2017. Plaintiff did not file her statement or brief. Accordingly, on March 7, 2017, the Court ordered Plaintiff to show cause by March 21, 2017 why this matter should not be dismissed for failure to prosecute. To date, Plaintiff has not filed her statement or brief, or otherwise responded to the March 7, 2017 Order to Show Cause.

Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This Rule has been interpreted to permit a district court to dismiss an action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Kenney v. California Tanker Co.*, 381 F. 2d 775, 777 (3d Cir. 1967), *cert. denied*, 390 U.S. 904 (1968). Typically, when a court dismisses a case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), the court employs the six-factor balancing test set forth in *Poulis v. State Farm Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). These factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868. No single *Poulis* factor is determinative and dismissal may be

appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir.1988).

Here, the bulk of the *Poulis* factors weigh in favor of dismissing this case without prejudice. In the absence of any evidence to the contrary, the Court finds Plaintiff's conduct in delaying this case to be willful and attributable to her personally. Plaintiff has had over three months to explain to the Court the reasons for her failure to file her supporting statement or brief, or to request an extension of her deadline, but she has not done so. Moreover, after the Court specifically ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute, Plaintiff did not respond or otherwise indicate to the Court that she intends to pursue this action. Both Plaintiff's failure to file her supporting statement and brief, and her failure to comply with the Court's March 7, 2017 Order to Show Cause, demonstrate she has abandoned this case.

Because there have only been two incidents of dilatory conduct in this case thus far, for the purposes of the *Poulis* balancing test, there is no history of dilatoriness in this case. *See Briscoe*, 538 F.3d at 261 ("conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness'"). Nonetheless, the Court finds Plaintiff's dilatoriness in filing her supporting brief has caused prejudice to the Commissioner, who, pursuant to L.Civ.R. 9.1(e)(2), can file her responsive brief only after receipt of Plaintiff's supporting brief, and thus has been unable to oppose Plaintiff's appeal.

In considering the effectiveness of an alternative sanction, the Court finds that, based on Plaintiff's unresponsiveness to the March 7, 2017 Order to Show Cause and her apparent abandonment of the case, alternative sanctions would be futile. Finally, in considering the sixth *Poulis* factor, the Court does not have sufficient grounds at this stage of the proceedings to evaluate

the meritoriousness of Plaintiff's claims, because Plaintiff has not filed a supporting statement or brief explaining the basis for her appeal.

For these reasons, the Court finds that, on balance, the *Poulis* factors weigh in favor of **DISMISSING** this case **WITHOUT PREJUDICE**. An appropriate Order will follow.


**Date: March 23, 2017**             */s/ Brian R. Martinotti*
                                     **HON. BRIAN R. MARTINOTTI**
                                     **UNITED STATES DISTRICT JUDGE**